## Shipley v. Shipley

*George S. Black*, for libellant.

DAVISON, P. J., October 17, 1942.—The master appointed by the court in this case has filed his report, together with the appendix to it, and after it had been confirmed nisi it was presented to this court in proper time for action on the report. In his report the master recommended a divorce on the ground of desertion, and that recommendation was proper on the evidence which was produced before him. The difficulty we find in the matter is that there is no finding on the part of the master, nor any evidence one way or the other, to show whether respondent is in the military service of the United States. This is no reflection on the master for until very recently there would have been no reason to have required such proof where respondent was a woman, as up until a short time ago there were no women in the military service of the United States.

The Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L., 1178, sec. 200, provides as follows:

"In any action or proceeding commenced in any

court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

In the instant case there was no appearance for defendant in any way. This act has been very strictly construed by some of the judges of the courts of common pleas, requiring affidavits in almost every step in the proceeding; but it is our opinion that what is required is proof by an affidavit of the facts filed with the court before he makes a final decree in the matter in all cases in which no appearance has been entered. It would seem perhaps to be construing the requirement of the act very strictly to require such an affidavit of proof to be filed in a case like this where respondent is a woman, but when we remember that there are thousands of women at the present time in the military service of the United States in various capacities, having rank in that service either in the Army, the Navy, or the air service, as nurses, or in the various organizations of women which gives to them a rank in the service, we feel that the same requirement should exist in cases where respondent is a woman as well as where respondent is a man.

We also desire to call attention to the fact that the act requires an affidavit setting forth facts; therefore, a mere affidavit by libellant or someone else for her or him that respondent is not in the military service of the United States would not be sufficient. That affidavit must contain the facts which show that the person making the affidavit knows that respondent is not in the military service of the United States.

For this reason we will not at this time make the decree in divorce prayed for, but will hold it in abeyance until such time as the proper affidavit is filed.

Now, therefore, October 17, 1942, further proceedings on this divorce are stayed until the filing of the affidavit that respondent is not in the military service of the United States.